## Fora Fin. Asset Securitization 2021, LLC v Elite TXP Servs. LLC

2024 NY Slip Op 32249(U)

July 8, 2024

Supreme Court, Nassau County

Docket Number: Index No. 614637/2023

Judge: Philippe Solages, Jr.

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At Part 33 of the Supreme Court of the State of New York, held in and for the County of Nassau, at the Courthouse at 100 Supreme Court Drive, Mineola, New York on the 8 day of July 2024.

PRESENT:

HON. PHILIPPE SOLAGES, JR.,
ACTING JUSTICE OF SUPREME COURT

-------------------------------------------------------------------X

FORA FINANCIAL ASSET SECURITIZATION 2021, LLC,

Plaintiff,

-against-

**DECISION & ORDER**

**Index No. 614637/2023**

ELITE TXP SERVICES LLC d/b/a
ELITE TXP SERVICES LLC and ELY TOVAR,

Defendants.

-------------------------------------------------------------------X

**The following e-filed documents, listed by NYSCEF document number were read on these motions:**

**Motion Seq. No. 002: 29, 30, 31, 32, 33, 54, 55, 56, 57, 58, 61**

**Motion Seq. No. 003: 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 59 60**

Upon the foregoing papers, plaintiff Fora Financial Asset Securitization 2021, LLC ("plaintiff") moves (Motion Seq. No. 002) for an order (1) pursuant to CPLR 3211(a)(1) and (b) dismissing the affirmative defenses of defendants Elite TXP Services LLC d/b/a Elite TXP Services LLC and Ely Tovar (collectively, "defendants"), and (2) pursuant to CPLR 3211(a)(1) and (a)(7), dismissing defendants' counterclaims for failure to state a claim, and based upon documentary

1

[* 1]

evidence and settled law. By a separate motion (Motion Seq. No. 003), plaintiff moves for an order pursuant to CPLR 3212 granting it summary judgment against defendants, jointly and severally, in the amount of $19,752.60, plus statutory interest from September 16, 2022. Defendants oppose both motions.

On May 10, 2022, plaintiff's assignor, Fora Financial Advance LLC ("plaintiff's assignor") entered into an agreement ("the agreement") for the purchase and sale of future receivables with defendant/counterclaim plaintiff Elite TXP Services LLC d/b/a Elite TXP Services LLC ("Elite"). Pursuant to the agreement, plaintiff's assignor purchased $49,875 of Elite's future receivables for the sum of $37,500 -- less agreed-upon fees -- with defendant/counterclaim plaintiff Ely Tovar ("Tovar") executing a related guaranty agreement. On September 16, 2022, defendants allegedly defaulted on the agreement by entering into another cash advance agreement with a competitor. Plaintiff also alleges that on February 22, 2023, defendants interfered with its right to obtain the purchased amount by closing the account, leaving a balance owed of $19,752.60.

On September 11, 2023, plaintiff commenced this action by filing a summons and verified complaint, alleging causes of action for breach of contract, breach of guaranty, conversion, and an account stated. On October 1, 2023, defendants served an answer, verified only by their attorney, asserting 33 affirmative defenses as well as seven counterclaims, alleging common law fraud,

[* 2]

intentional misrepresentation, negligent misrepresentation, unjust enrichment, monies had and received, breach of good faith and fair dealing, and breach of fiduciary duty.

### I.    *Plaintiff's Motion to Dismiss Defendants' Affirmative Defenses and Counterclaims (Motion Seq. No. 002)*

Plaintiff now moves to dismiss defendants' affirmative defenses and counterclaims, maintaining that (1) defendants' affirmative defenses are devoid of any factual basis and are refuted by documentary evidence (*see* CPLR 3211[a][1], [b]), and (2) defendants' counterclaims are refuted by documentary evidence, have been rejected by the court as a matter of law, or fail to plead sufficient facts (*see* CPLR 3211[a][1], [7]).  In support of its motion, plaintiff submits its complaint, verified by its Director of Collections and Servicing, as well as defendants' answer, and a copy of the agreement.  Defendants oppose plaintiff's motion, maintaining that the motion is nothing more than an end-around to test the strength of plaintiff's case and that, in any event, defendants' affirmative defenses and counterclaims are properly pled.

To prevail on a motion to dismiss an affirmative defense, the plaintiff is required to show that "a defense is not stated or has no merit" as a matter of law (CPLR 3211[b]).  In deciding a motion to dismiss a defense, the Court must afford the defendant "'the benefit of every reasonable intendment of its pleading, which is to be liberally construed'" (*Butler v Catinella*, 58 AD3d 145, 148 [2d Dept 2008],

3

[* 3]

quoting *Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008]). "[I]f there is any doubt as to the availability of a defense, it should not be dismissed" (*Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2d Dept 2008]). "Dismissal may be warranted under CPLR 3211(a)(1) 'if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law'" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1998]).

Relatedly, in moving to dismiss a counterclaim pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "'the court must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d at 665, quoting *V. Groppa Pools, Inc. v Massello*, 106 AD3d 722, 722 [2d Dept 2013]).

A counterclaim may also be dismissed as barred by documentary evidence pursuant to CPLR 3211(a)(1). However, dismissal is warranted "only where the documentary evidence utterly refutes" the factual allegations on which the counterclaim is based, "conclusively establishing a defense as a matter of law" (*First Choice Plumbing Corp. v. Miller L. Offs., PLLC*, 164 A.D.3d 756, 84 N.Y.S.3d 171 [2d Dept 2018]). Documentary evidence that is not in admissible

4

[* 4]

form cannot serve as the basis for a motion to dismiss pursuant to CPLR 3211(a)(1) (*see Advanced Global Technology, LLC v Sirius Satellite Radio*, 44 AD3d 317, 318 [1st Dept 2007]).

Defendants' counterclaims, and at least one of their affirmative defenses, are premised upon the assertion that the agreement constituted a usurious loan. In moving to dismiss those counterclaims and the affirmative defense, plaintiff maintains that the documentary evidence in the form of the agreement establishes that the transaction in issue was not a loan and, as such, defendants' counterclaims and affirmative defense must fail. The Court disagrees.

The agreement on which plaintiff relies is not in admissible form, as it is not accompanied by an affidavit from someone with personal knowledge of plaintiff's record-keeping practices (*id.*). In the absence of a proper foundation for the admission of the agreement, plaintiff cannot rely on it to conclusively establish a defense as a matter of law (*id.*; *see also Aurora Loan Services, LLC v Baritz*, 144 AD3d 618, 619-620 [2d Dept 2016]).

Nevertheless, additional grounds exist to dismiss defendants' counterclaims. Defendants' first, second, and third counterclaims, alleging fraud, intentional misrepresentation, and negligent misrepresentation, respectively, are subject to dismissal, as they allege no specific facts and, thus, fail to satisfy the particularity requirements of CPLR 3016(b) (*see Eurycleia Partners, LP v Seward & Kissel*,

[* 5]

*LLP*, 12 NY3d 553, 559 [2009]). Defendants' remaining counterclaims asserting unjust enrichment, monies had and received, breach of good faith and fair dealing and breach of a fiduciary duty are couched in conclusory terms and are devoid of factual support. Moreover, defendants' counterclaim for breach of fiduciary fails to meet the particularity requirements of CPLR 3016(b) (*see Weinstein v CohnReznick, LLP*, 144 AD3d 1140, 1141 [2d Dept 2016]; *Mazzei v Kyriacou*, 98 AD3 1088, 1090 [2d Dept 2012]).

As for defendants' first affirmative defense, alleging a failure to state a cause of action, the Court denies plaintiff's motion to strike this defense. "'[N]o motion by plaintiff lies under CPLR 3211(b) to strike the defense of [failure to state a cause of action], as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim" (*Ochoa v Townsend*, 209 AD3d 867, 868 [2d Dept 2022], quoting *Butler v Catinella*, 58 AD3d at 150).

Defendants' jurisdictional defenses, however, are dismissed (*see* CPLR 3211[b]). Plaintiff's assignor is a New York limited liability company with its principal place of business in New York State (Verified Complaint, p. 2, ¶ 3 [NYSCEF Doc. No. 32]). Pursuant to the unequivocal terms of their agreement with plaintiff's assignor, defendants consented to this Court's jurisdiction and further agreed that "personal service of process outside of the State of New York …shall be tantamount to service in person within New York State" (Agreement, p.

6

10, ¶ 15 [NYSCEF Doc. No. 32]). In the absence of any showing that the clause is "unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching," or that its enforcement would "be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court," the Court concludes that there is no basis to set it aside and that jurisdiction was properly obtained over defendants (*Bernstein v Wysoki*, 77 AD3d 241, 248-249 [2d Dept 2010] [internal quotations and citations omitted]). In addition, plaintiff's affidavits of service are prima facie proof of proper service, and defendants raise no issue of fact to rebut such service. Indeed, defendants assert no arguments in their opposition to plaintiff's motion to dismiss these defenses. Accordingly, defendants' eleventh and twenty-fifth affirmative defenses are dismissed.

As for defendants' remaining affirmative defenses, the Court concludes that plaintiff has demonstrated that these defenses are either without merit, conclusory or without factual foundation, and defendants raise no issue of fact in opposition (*see Katz v Miller*, 120 AD3d 768, 769-770 [2d Dept 2014]; *Firemen's Fund Ins. Co. v Farrell*, 57 AD3d at 723).

To the extent defendants request an opportunity to replead, the Court denies that request in the absence of a motion for leave to serve an amended answer, along with submission of a proposed amended answer as required by CPLR 3025(b).

7

[* 7]

## II. *Plaintiff's Motion for Summary Judgment (Motion Seq. No. 003)*

As to plaintiff's motion for summary judgment, when seeking such relief, the moving party bears the initial burden of demonstrating prima facie entitlement to judgment as a matter of law by proffering proof, in admissible form, which establishes the absence of material issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Once the proponent of the motion establishes a prima facie showing, the burden shifts to the opposing party to come forth with admissible proof to establish triable issues of fact, the existence of which precludes summary judgment and necessitates a trial of the action (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]).

As noted, plaintiff asserts causes of action premised upon breach of the agreement and the guaranty. To establish a claim for breach of contract, plaintiff must demonstrate "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (*Dee v Rakower*, 112 AD3d 204, 208-209 [2d Dept 2013]). As to a cause of action for breach of a guaranty, a moving party establishes its entitlement to summary judgment by providing proof of the underlying agreement and signed guaranty, coupled with evidence of the defendant's default (*N. Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676, 676 [2d Dept 2007]).

8

Here, plaintiff has established its entitlement to judgment as a matter of law by submitting the assignment agreement, a copy of the fully executed agreement and related guaranty, evidence of its assignor's performance under the former, together with proof of defendant Elite's breach and resulting damages (*id.*; *Dee v Rakower*, 112 AD3d at 208-209). Specifically, plaintiff provides the affidavit of Jonathan Headley, the Director of Collections and Servicing for plaintiff and its assignor, together with the exhibits annexed thereto, which establish plaintiff's assignor's performance, having provided the requisite funding under the agreement. Plaintiff's submissions further establish Elite's breach thereof by blocking access to the account from which plaintiff was authorized to deduct purchased receivables.[1]

Defendants present no proof creating a triable issue of fact in opposition. Contrary to defendants' claim, the Headley affidavit properly lays a foundation for the admissibility of plaintiff's records submitted in support of its motion. Further, to the extent defendants contend that plaintiff is not entitled to a default fee or attorney's fees, plaintiff notes that it is not requesting such fees and has waived its contractual claim for attorney's fees.

---

[1] To the extent plaintiff contends that the breach occurred on September 16, 2022, when defendants allegedly entered into a merchant cash advance agreement with another company in violation of the agreement, plaintiff fails to submit evidentiary proof supporting this claim. Instead, plaintiff relies on copies of agreements submitted in other actions involving Elite, none of which are in admissible form. Thus, based upon the admissible proof, the breach occurred on February 22, 2023, when Elite blocked plaintiff's access to the account.

9

[* 9]

Defendants' argument that the agreement at issue is a usurious, unenforceable loan is unavailing. "The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d at 665). In ascertaining whether a particular transaction is a loan, courts are required to examine whether a plaintiff "'is absolutely entitled to repayment under all circumstances'" (*id.* at 665 quoting *K9 Bytes, Inc. v Arch Capital Funding, LLC*, 56 Misc 3d 807, 816 [Sup Ct, Westchester County 2017]). "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*id.* at 666). In determining whether repayment of an obligation is either absolute or contingent, courts typically weigh the following three factors: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*id.* at 666). Where the agreement in issue contains a mandatory reconciliation provision, an indefinite term, as well as limited recourse in the event of a merchant's bankruptcy, the transaction is not considered to be a loan (*Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022]).

Here, the terms of the agreement do not provide for absolute repayment. To the contrary, the agreement allows defendant to "request a reconciliation to adjust

10

the Remittance Amount to more closely reflect the seller's actual Future Sale Proceeds times the Purchases Percentage" (NYSCEF Doc. No. 32, p. 5, § 1.3). Moreover, the agreement has "no period during which the Purchased Amount must be collected," provides that a declaration of bankruptcy, by itself, does not constitute a breach of the agreement, and affords plaintiff no recourse in the event of such bankruptcy (NYSCEF Doc. No. 32, p. 5, ¶ 1[d]). Indeed, plaintiff, as the purchaser, enters into the agreement "knowing the risks that [defendant's] business may slow down or fail, and [that plaintiff] assumes these risks based upon [defendant's] representations" (NYSCEF Doc. No. 32, p., 5, ¶¶ 1[c], [d]). Thus, as the agreement is not a loan, defendants' argument that it is unenforceable is without merit (*see Principis Capital, LLC v I Do, Inc.*, 201 AD3d at 754). To the extent defendants maintain that additional discovery is required and that the instant summary judgment motion is premature, they have failed to identify what evidence or facts "were exclusively within the knowledge and control" of plaintiff or its assignor (*MVB Collision, Inc. v Progressive Ins. Co.*, 129 AD3d 1040, 1041 [2d Dept 2015]).

Based upon the foregoing, it is hereby

**ORDERED**, that plaintiff's motion (Motion Seq. No. 002) for an order pursuant to CPLR 3211(a)(1) and (7) dismissing defendants' counterclaims and pursuant to CPLR 3211(b) dismissing defendants' affirmative defenses is

[* 11]

GRANTED TO THE EXTENT that all of defendants' counterclaims are dismissed and that defendants' second through thirty-third affirmative defenses are dismissed, and the motion is otherwise DENIED, and it is further

**ORDERED**, that plaintiff's motion (Motion Seq. No. 003) for summary judgment pursuant to CPLR 3212 is GRANTED and defendants' first affirmative defense is dismissed insofar as plaintiff is entitled to judgment as a matter of law against defendants, jointly and severally, on its claims for breach of contract and breach of guaranty in the amount of $19,752.60, together with statutory interest from February 22, 2023, and costs and disbursements as taxed by the Court upon submission of an appropriate bill of costs.

Anything not specifically granted herein is denied.

This shall constitute the Decision and Order of the Court.

Settle judgment on notice.

ENTER:

HON. PHILIPPE SOLAGES, JR.
A.J.S.C.

[* 12]